UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCAL J. DUBOIS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 04-1314 (DMC) |
| MICHAEL T. ABODE, Ex-Warden; JERRY BERKOWITZ, Law Librarian; MIDDLESEX COUNTY ADULT CORRECTIONAL CENTER, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Michael T. Abode ("Abode") and Jerry Berkowitz ("Berkowitz"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that summary judgment in favor of Abode and Berkowitz is **granted**.

I. BACKGROUND

A. Factual Background

*Pro se* Plaintiff Pascal J. Dubois ("Plaintiff") filed the complaint in this action on March 13, 2004 (the "Complaint") against Defendants Michael T. Abode ("Abode"), Jerry Berkowitz ("Berkowitz"), and Middlesex County Adult Correction Center ("MCACC"). Plaintiff alleges

Defendants violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985. Specifically he alleges (1) that Defendants Abode and Berkowitz engaged in a conspiracy regarding Plaintiff's use of the law library which negatively impacted his criminal trial; (2) interference with his legal mail which also had a negative impact on his criminal trial; and (3) injuries from an assault purportedly at the direction of Defendant Abode.  (Comp. ¶¶ 8,12,14). Plaintiff seeks monetary relief and a retrial of his criminal case. Id. at ¶ 8.

At all times relevant to this matter, Plaintiff was a pre-trial detainee at MCACC. (Id.). Throughout Plaintiff's detention at MCACC,  Defendant Abode was MCACC's warden and Defendant Berkowitz the law librarian. Id. at ¶¶ 1,2.

Plaintiff alleges that on or about June 10, 2002, Abode conspired with Berkowitz to keep a detailed daily logbook, with dates and precise times of Plaintiff's legal work. Id. at ¶ 9. Plaintiff further alleges that this logbook was forwarded for inspection to Abode who then forwarded copies to the prosecutor of Middlesex County.  According to Plaintiff, this "conspiracy" regarding the logbook continued until February 3, 2003, when Plaintiff was convicted of his criminal charges. Id.

Defendants admit that Berkowitz maintained logbooks to keep track of certain inmates' library time after the inmates had complained to the courts about insufficient library access. (Def.'s Br. Summ. J. at 2; Berkowitz Aff.. ¶ 9, May 14, 2007).  Defendants further allege that it was Berkowitz's idea to include the occasional citation or case name to demonstrate, via the logbooks, that the inmates had access to everything they requested in the law library.  **Id.** However, Defendants assert that no facts exist which support Plaintiff's claim that the logbooks were forwarded to the prosecutors in Plaintiff's criminal action, that the logbooks had an impact

in Plaintiff's criminal trial, or that Plaintiff was singled out with regards to recording his use of the law library (Def.'s Br. Summ. J. at 2).

Plaintiff also alleges that Abode interfered with his incoming and outgoing legal mail. (Comp. ¶ 12,13).  Plaintiff claims that specific legal materials, pertinent to Plaintiff's criminal trial, were withheld by Abode until after Plaintiff had been convicted. Id. at ¶ 12.  Specifically, Plaintiff contends that Abode made "421 pieces of his mail disappear." Id. at ¶ 14.  Abode denies any interference with Plaintiff's legal mail. (Def.'s Br. Summ. J. at 2).  Abode argues that no facts exist to support that he had any direct control over or interaction with Plaintiff's legal mail. Id..  Plaintiff does not accuse Berkowitz of interfering with his legal mail.  Id. at 2.

Plaintiff further alleges that on April 20, 2003, Abode initiated and caused the Plaintiff serious bodily harm. (Comp. ¶ 14). Abode and Berkowitz admit Plaintiff was assaulted by Dwayne Peel, another inmate at MCACC, on this date but deny that Abode had anything to do with Peel's assault on Plaintiff. (Def.'s Br. Summ. J. at 3).  Abode and Berkowitz argue that there are no facts to support such a contention. Id..  Plaintiff does not allege that Berkowitz had any involvement in the assualt.

Abode and Berkowitz now move for summary judgment on all of Plaintiff's allegations pursuant to Rule 56 of the Federal Rules of Civil Procedure.

      **B.**    **Procedural Background**

*Pro Se* Plaintiff Dubois filed the Complaint in this action on March 13, 2004, against Defendants Abode, Berkowitz, and MCACC.  On April 21, 2004, Defendant MCACC was dismissed from this action pursuant to this Court's prior Order of April 23, 2004.  On May 14, 2007, Defendants Berkowitz and Abode filed the within motion for summary judgment.

**II.     STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, deposition transcripts, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue may exist if the record taken as a whole could lead a rational trier of fact to find for the party opposing summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, a court should not resolve factual disputes or make credibility determinations, and must view facts and inferences in the light most favorable to the party opposing the motion. Siegel Transfer, Inc. v. Carrier Express Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

The moving party bears the burden of showing that there is no genuine issue of fact. Celotex, 477 at 330.  However, the non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It is insufficient to "simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 586-87 (citations omitted).

In the case at hand, there are no genuine issues that would preclude summary judgment. Therefore, Defendants are entitled to summary judgment as a matter of law.

**III.    ANALYSIS**

Defendants move for summary judgment on multiple grounds. Defendants argue that they are entitled to summary judgment because (1) Plaintiff cannot set forth a genuine issue of material fact; (2) Plaintiff cannot establish the essential elements of his 42 U.S.C. § 1983 claim; (3) Plaintiff's claims concerning the assault and his mail are barred by *res judicata*; (4) Defendant Abode is entitled to qualified immunity; (5) Plaintiff's claims are barred because he is improperly seeking federal review of his state criminal conviction. (Def.'s Br. Summ. J. at 5-14)

**A.  The Doctrine of *Res Judicata* Precludes review of Plaintiff's Allegations Concerning Interference with his Mail and Defendant Abode's Involvement in Plaintiff's Assault.**

The Third Circuit has held that "application of the claim preclusive aspect of the *res judicata* doctrine requires a showing...that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or there privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). Although there is not one specific test for determining what constitutes a similar cause of action, the Third Circuit "has taken on a broad view" of this term. Id.  As was stated in Davis v. United States Steel Supply, Div. of United States Steel Corp., 688 F.2d 166, 171 (3d Cir. 1982):

> A single cause of action may comprise claims under a number of different statutory and common law grounds...Rather than resting on the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events.

Thus, "it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac., 94 U.S. 351, 352 (1876). Essentially, the final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." Nevada v. U.S., 463 U.S. 110, 130 (citing Comm'r v. Sunnen, 333 U.S. 591, 597).

Plaintiff's allegation concerning interference with his outgoing legal mail has been the cause of action in prior lawsuits filed by Plaintiff against Defendant Abode. In Dubois v. Abode, No. 02-3397, 2004 U.S. Dist. LEXIS 28328 (D.N.J. June 28, 2004), the Hon. Katharine S. Hayden ruled that no reasonable factfinder could have found Defendant Abode had denied Plaintiff of his constitutional right of access to the courts. Holding "Plaintiff's subjective belief that Abode generally interfered with and withheld outgoing legal mail is insufficient to raise a genuine issue of material fact for trial," and that Plaintiff had failed to establish an injury because he could not point to any harm caused by Abode's alleged conduct this Court found summary judgment proper. Id. at *31-32. This decision was upheld by the Third Circuit in Dubois v. Abode, 142 Fed. Appx. 59 (3d Cir. 2005). Since Plaintiff's allegation concerning interference with his outgoing legal mail has previously been decided, and upheld on appeal by the Third Circuit, the doctrine of *res judicata* precludes this court's review of this issue.

Additionally, the Hon. Dickinson R. Debevoise has previously held that the doctrine of *res judicata* precluded review of Plaintiff's allegation concerning interference with his outgoing mail. Dubois v. Abode, No. 02-4215, slip op. at 12 (D.N. J. May 14, 2007). The court further stated that *res judicata* also precluded Plaintiff from raising the issue of Abode's interference with his incoming mail "because he could have and should have raised it in his earlier law suit and did not do so." Id.. Thus, this court now holds, for the second time, that the doctrine of *res judicata* precludes review of Plaintiff's accusations that Defendant Abode interfered with either his outgoing or incoming mail.

In Dubois v. Abode, No. 03-2364, 2006 U.S. Dist. LEXIS 81270 (D.N.J. Oct. 26, 2006), the Hon. Susan D. Wigenton, granted summary judgment in favor of Abode in response to Plaintiff's claim that Abode had ordered an assault on the plaintiff. Finding that Plaintiff offered no evidence that Abode was involved in the assault and, offered evidence contradicting his own allegation, Plaintiff's complaint was dismissed with prejudice. Id. at *17-19. Seeing as this cause of action has already received a final judgment, the doctrine of *res judicata* precludes

review of this issue.

For the above reasons, Plaintiff's claims regarding interference with his legal mail and involvement in an assault on his person are dismissed and summary judgment is granted on these Counts against Abode and Berkowitz.

### B.  Plaintiff's 42 U.S.C.  §  1983 Claim

Section 1983 is not a source of substantive rights, but rather a method for asserting one's federal rights. Baker v. McCollam, 443 U.S. 137, 145 n.3 (1979).  In pertinent part Section 1983 states:

> Every person who, under color of any statute, ordinance or regulation , custom, or usage, of any State or Territory....subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"For a Section 1983 claim to survive a motion for summary judgment, there must be genuine issue of fact as to whether the defendant (1) acted under color of state law; or (2) deprived the plaintiff of a federal right." Reyes v. City of Trenton, No. 05-1882, 2007 U.S. Dist. LEXIS 23653, *10 (D.N.J. March 30, 2007) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).  The first step in reviewing a Section 1983 claim is to identify the parameters of the right allegedly violated and then determine "whether the plaintiff has alleged a deprivation of a constitutional violation at all." Dubois, 2006 U.S. Dist. 81270, at *13 (quoting Am. ex rel J.M.K. v. Luzerne County Juvenile Detention Ctr., 372 F.3d 572,579 (3d Cir. 2004)). If there is no indication that the plaintiff has suffered such a deprivation, then the defendant is entitled to dismissal. Jenkins v. Medford, 119 F.3d 1156, 1160 (4th Cir. 1997).

Section 1983 only provides a remedy for specific constitutional rights, generalized allegations of constitutional deprivations are not sufficient. Trautvetter v. Quick, 916 F.2d 1140,

1148 (7th Cir. 1990). This requirement is particularly important because failure to allege violation of a specific constitutional right undermines the purpose of the modern pleading system which is to ensure defendants have sufficient notice of the claims asserted against them. Frazier v. Southeastern Pa. Transp. Authority, 785 F.2d 65, 67 (3d Cir. 1986).

Further, only once a specific constitutional right has been identified can the Court begin to analyze the adequacy of the pleadings. Ingliema v. Town of Hampton, No. 05-3497, 2007 U.S. Dist. LEXIS 26309, *7 (D.N.J. April 10, 2007). This is because "the specific constitutional right alleged establishes what will be the controlling substantive law." Id.. Thus, a plaintiff relying upon Section 1983 to assert a violation of a specific constitutional amendment must plead facts that, if true, would establish a violation of that amendment.

Applying these principles to Plaintiff's claim, it is clear that Plaintiff has not identified a specific constitutional or federal right. Rather, Plaintiff asserts a Section 1983 violation by alleging constitutional violations in ambiguous terms. In the Complaint, Plaintiff asserts that Defendants "interefere [sic] with his equal protection of rights." This type of allegation is not sufficient to put Defendants on notice of the constitutional provisions or civil rights that they allegedly violated.

The Supreme Court has held that *pro se* complaints, such as the one presently before this Court, are to be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). However, unless a plaintiff is able to present "concrete evidence from which a reasonable juror could return a verdict" for the non-moving party, summary judgment must be granted to the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). (See Jermosen v. Coughlin, 877 F. Supp. 864 (D.N.Y. 1995)) (stating that even *pro se* Plaintiffs must assert concrete evidence).

Even assuming Plaintiff could allege a constitutional violation, Plaintiff still has not presented any *concrete* evidence concerning his allegation that Abode and Berkowitz conspired against him in his state criminal trial by passing along the law library logbook to the prosecution. Rather, he merely alleges such actions and offers no evidence to support his claim. Thus, Defendants motion for summary judgment is granted on Plaintiff's 42 U.S.C. § 1983 claim.

### C. Plaintiff's 42 U.S.C. § 1985 Claim

Plaintiff does not allege that either Abode or Berkowitz (1) prohibited an officer of the law from performing his duties or (2) were motivated by a racial animus to proceed with their alleged conspiracy. Neither §§1985(1) nor 1985(3) is relevant to the factual allegations set forth in the complaint. See Friends & Residents of St. Thomas Twp., Inc. v. St. Thomas Dev., Inc., 176 Fed. Appx. 219, 228 (3d Cir. 2006) (stating that in order to assert a Section 1985(3) violation a plaintiff must assert defendants were motivated by a racial animus).

Section 1985(2) focuses on conspiracies aimed at the obstruction of justice in federal and state courts. See Indus. Design Serv. Co. v. Upper Gwynedd Twp., No. 91-7691, 1993 U.S. Dist. LEXIS 742 (D. Pa. January 27, 1993). "A claim under this section must allege facts that support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff specifically alleges that on or about June 10, 2002, Berkowitz kept a daily logbook of Plaintiff's research in the law library. He also maintains that this logbook was forwarded to Abode every Friday and that he then forwarded the logbook to the prosecutor of Plaintiff's criminal case.

Plaintiff offers nothing in the way of evidence. Mere knowledge of the logbooks is not sufficient evidence to continue with a claim under Section 1985(2). Plaintiff's failure to offer

proof of a conspiracy is fatal to his claim under this section. (See Hassan v. Frost, No. 88-874 1989 U.S. Dist. LEXIS 19170 (D.N.J. March 7, 1989)) (where Plaintiff's failure to provide any evidence of a conspiracy was fatal to his claim under Section 1985).

**V.    CONCLUSION**

For the reasons set forth above, Defendants Abode's and Berkowitz's motions for summary judgment summary are  granted.  An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
Hon. Dennis M. Cavanaugh, U.S.D.J.

Dated:  August   21 , 2007